**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DEBRA STEFANO, | No. 13-56156 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-06202-DSF-JC |
| v. | |
| CITY OF LONG BEACH; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Debra Stefano appeals pro se from the district court's judgment in

accordance with the terms of a settlement agreement in her 42 U.S.C. § 1983

action.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion a decision to enforce a settlement agreement.  *Kirkland v. Legion Ins.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003). We affirm.

The district court did not abuse its discretion in denying Stefano's motion to set aside the settlement agreement because Stefano failed to establish grounds for invalidating the agreement. *See Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (district court's finding that a party consented to a settlement and intended to be bound by it must be affirmed unless clearly erroneous); *see also* Cal. Civ. Code § 1569 (elements of duress).

Denial of Stefano's motion to disqualify her former counsel from continuing to represent the other plaintiffs was proper. *See Cohn v. Rosenfeld*, 733 F.2d 625, 631 (9th Cir. 1984) (this court "will not disturb a district court's ruling on a motion to disqualify counsel if the record reveals any sound basis for the court's action" (citation and internal quotation marks omitted)); *Paul E. Iacano Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 438 (9th Cir. 1983) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-56156